UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HIRACHETA,<br><br>            Petitioner,<br><br>    v.<br><br>KEN CLARK,<br><br>            Respondent. | Case No. 1:19-cv-00988-JDP (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>ECF No. 1 |

Petitioner Anthony Hiracheta, a state prisoner without counsel, has filed his second petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. Petitioner unsuccessfully pursued another Section 2254 petition in 2001, challenging the same state court judgment. He has not obtained the authorization from the Ninth Circuit to pursue a second or successive petition, so we lack jurisdiction over this case. We recommend that the court dismiss the petition for lack of jurisdiction.

**I.   Background**

After being convicted of first-degree murder, petitioner filed his first Section 2254 petition in 2001, which was denied on the merits by then-magistrate-judge Lawrence J. O'Neill. *See*

1

*Hiracheta v. McGrath*, No. 1:01-cv-06115 (E.D. Cal. filed Aug. 8, 2001). About sixteen years later, petitioner filed a state habeas petition in the Kern County Superior Court, raising two claims. First, petitioner claimed newly discovered evidence required a new trial, relying on a declaration from his aunt, Irma Macias, who claimed that she had falsely testified against petitioner after being pressured to do so by the prosecution. *See* ECF No. 1 at 61-62. Second, petitioner claimed violation of the Confrontation Clause for being denied the opportunity to cross-examine of an alleged accomplice. *See id.* at 150. The state court directed the government to respond to the petition and held an evidentiary hearing, at which Macias testified.

The Kern County Superior Court denied the state habeas petition. As for petitioner's first habeas claim, the court rejected Macias's new recantation of her trial testimony as not credible. *See id.* at 148-50. Macias admitted at the evidentiary hearing that petitioner's wife had prepared the declaration in which Macias recanted her former trial testimony; Macias also stated that she had signed the declaration without reading it. *Id.* at 149-50. When asked about her recantation at the evidentiary hearing, Macias's response was vague and inconsistent, according to the state court. *Id.* at 150. After considering Macias's declaration, her testimony at the hearing, and related state-court records, the court concluded that Macias had recanted her testimony under "duress" from petitioner's family. *Id.* As for petitioner's second habeas claim, the court rejected petitioner's confrontation claim as untimely. *See id.* at 150-51. Petitioner then filed a federal habeas petition under Section 2254 before this court. He has not obtained authorization from the Ninth Circuit to pursue a second or successive petition.

**II.     Second or Successive Petition**

A federal court will not consider a second or successive habeas corpus petition unless the petitioner shows that (1) his claim relies on a new rule of constitutional law, made retroactive by the Supreme Court, that was previously unavailable or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence. *See* 28 U.S.C. § 2244(b)(2). A district court may not decide whether a petition meets these requirements; the petitioner must obtain the authorization from the appropriate court of appeals before filing the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). The

authorization from the appropriate court of appeals is a jurisdictional requirement. *See Burton*, 549 U.S. at 157.

Here, petitioner purports to raise a claim that falls in the second category of claims permitted in successive petitions: he argues that newly discovered evidence—Macias's recantation of her testimony—entitles him to habeas relief. But before pursuing a second or successive habeas corpus petition, petitioner must first obtain authorization to do so from the Ninth Circuit. Because the Ninth Circuit has not authorized petitioner to pursue a second or successive petition, we lack jurisdiction over this case. *See Burton*, 549 U.S. at 157. We therefore recommend dismissing this case for lack of jurisdiction.

### III.     **Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Here, reasonable jurists would not find our conclusion debatable or conclude that petitioner should proceed further. Thus, the court should decline to issue a certificate of appealability.

**IV.     Order**

The clerk of court is directed to assign this case to a district judge who will review the following findings and recommendations.

**V.      Findings and recommendations**

We recommend that the petition be dismissed for lack of jurisdiction and that the court decline to issue a certificate of appealability. We submit the findings and recommendations to the U.S. District Court Judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     July 31, 2019                                   _____
                                                                                  UNITED STATES MAGISTRATE JUDGE

No. 202